UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDSAFWAY, LLC | CIVIL ACTION |
| VS. | NO: 19-13136 |
| ZEN-NOH GRAIN CORPORATION | SECTION: T |

**ORDER**

Before the Court is a Motion for Protective Order[1] filed by Zen-Noh Grain Corporation ("ZGC") requesting a stay of discovery during the pendency of ZGC's Motion for Summary Judgment.[2] BrandSafway, LLC f/k/a Brand Energy Solutions, LLC ("Plaintiff") has filed an opposition.[3] For the following reasons, the Motion for Protective Order[4] is **DENIED.**

This matter arises out of Plaintiff's claims for breach of contract, conversion, and unjust enrichment relating to Plaintiff's scaffolding materials and equipment at ZGC's facility.[5] On October 15, 2019, Plaintiff filed a complaint against ZGC. On January 6, 2020, ZGC filed a Motion for Summary Judgment, which Plaintiff has opposed. ZGC's Motion for Summary Judgment went under submission to the Court on March 4, 2020.

On January 16, 2020, the Court held a Scheduling Conference and subsequently issued a Scheduling Order. The Scheduling Order provides that initial disclosures be exchanged by January 31, 2020, that discovery be completed by May 22, 2020, and that a three day (3) jury trial commence on July 27, 2020. On February 14, 2020, Plaintiff propounded on ZGC the following: (1) First Set of Interrogatories from BrandSafway LLC to Zen-Noh Grain Corporation; (2) Request for the Production of Documents ("RFPs") from BrandSafway LLC to Zen-Noh Grain

---

[1] R. Doc. 22.
[2] R. Doc. 6.
[3] R. Doc. 25.
[4] R. Doc. 22.
[5] R. Doc. 1.

1

Corporation; and, (3) Requests for Admission ("RFAs") from BrandSafway LLC to Zen-Noh Grain Corporation.[6] ZGC proposed to Plaintiff that discovery be stayed or otherwise delayed pending the determination of the motion for summary judgment, but Plaintiff refused to agree to stay or delay discovery. ZGC now moves the Court to stay discovery pending the outcome of ZGC's motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FRCP 26(c)(1). The court may craft any number of remedies under this rule, including a stay of discovery during the pendency of a dispositive motion. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[7] The Court finds ZGC has failed to demonstrate good cause warranting a stay of discovery. Proceeding with discovery at this stage will not cause any party annoyance, embarrassment, oppression, or undue burden or expense.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Protective Order[8] is **DENIED.**

**New Orleans, Louisiana**, on this 27th day of March, 2020.

                                                **GREG GERARD GUIDRY**
                                       **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 12-1.
[7] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).
[8] R. Doc. 22.