UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDSAFWAY, LLC**                                             **CIVIL ACTION**

**VS.**                                                                         **NO: 19-13136**

**ZEN-NOH GRAIN CORPORATION**                       **SECTION: T**

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Zen-Noh Grain Corporation ("ZGC"). Brandsafway, LLC ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **GRANTED.**

## BACKGROUND

This matter arises out of Plaintiff's claims for breach of contract, conversion, and unjust enrichment relating to Plaintiff's scaffolding materials and equipment at ZGC's facility.[4] ZGC owns and operates a grain elevator on the Mississippi River in Convent, Louisiana ("Convent Facility"). Beginning in August 2015, Plaintiff and ZGC had an ongoing business relationship where Plaintiff would provide scaffold-related services to ZGC at the Convent Facility. The agreement required ZGC to pay Plaintiff an hourly rate for the labor required to erect and take down scaffolding on an as-needed basis. The pricing scheme covered the cost of ZGC's use of the scaffold. After Plaintiff provided the services, it invoiced ZGC for all amounts owed. ZGC would issue a corresponding purchase order ("PO") for the work and pay the invoice. The parties continued in this manner for approximately three years, during which time Plaintiff submitted

---

[1] R. Doc. 6.
[2] R. Doc. 12.
[3] R. Doc. 6.
[4] R. Doc. 1.

1

approximately 47 invoices totaling $127,718.25 for scaffolding work performed at the Convent Facility.

The parties arranged for Plaintiff to keep scaffolding material at the Convent Facility at staging or lay-down areas so that Plaintiff would have quick access to these materials when called upon by ZGC to perform scaffolding related services. Plaintiff also erected scaffolding under a ZGC dock at the Convent Facility. Without informing Plaintiff, ZGC stopped using Plaintiff as the exclusive provider of scaffold-related services at ZGC's Convent Facility in or around August 2018, at which time ZGC engaged other contractors, including Quality Industrial Construction LLC ("QIC"), to perform scaffold-related services. Plaintiff contends that by engaging other contractors, ZGC effectively terminated the parties' agreement. Additionally, Plaintiff contends ZGC did not notify Plaintiff or otherwise arrange for the return of Plaintiff's material and equipment. ZGC kept, continued to make use of, and let other contractors, including QIC, dismantle, modify, erect, comingle and take Plaintiff's materials and equipment, all without Plaintiff's consent. Plaintiff did not become aware of any of this until February 2019.

QIC is Plaintiff's competitor. Plaintiff contends that QIC and three of Plaintiff's former employees improperly solicited the scaffold-related services work at ZGC from Plaintiff. Plaintiff's three employees were subject to confidentiality, noncompetition, non-solicitation and invention agreements with Plaintiff, and Plaintiff contends ZGC knew or should have known of these improper actions. Additionally, Plaintiff claims ZGC has refused to pay for the unauthorized use by ZGC and its contractors of Plaintiff's scaffold-related materials and equipment, either in rental charges or otherwise, and has refused to take responsibility for or pay for Plaintiff's materials and equipment that was damaged, lost, and stolen while such materials and equipment were in ZGC's possession.

Case 2:19-cv-13136-GGG-KWR   Document 38   Filed 04/16/20   Page 3 of 5

ZGC has now moved for summary judgment contending the undisputed material facts show that ZGC is not liable for breach of contract, unjust enrichment, or conversion. Plaintiff has withdrawn its unjust enrichment claim but contends there are disputed material facts precluding summary judgment on its claims for breach of contract and conversion.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7]

### A. Breach of Contract Claim

Plaintiff alleges ZGC is liable for breach of contract because ZGC ceased using Plaintiff's services and failed to immediately return the scaffolding material or start paying rent for the scaffolding material. Plaintiff contends there are material facts in dispute precluding the Court from finding that ZGC is not liable for breach of contract. Specifically, Plaintiff asserts the parties disagree as to the terms of the general agreement between Plaintiff and ZGC. ZGC submitted affidavits attesting that there was no contract between ZGC and Plaintiff requiring ZGC to pay rent for Plaintiff's scaffolding material. Plaintiff does not provide any evidence to controvert

---

[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

ZGC's evidence that ZGC and Plaintiff did not have a contract requiring ZGC to pay rent for Plaintiff's scaffolding material. Accordingly, the Court finds that the undisputed material facts show ZGC is not liable for breach of contract.

### B. Conversion Claim

Plaintiff contends ZGC converted Plaintiff's property when ZGC ceased using Plaintiff to provide services at the Convent Facility with no notice to Plaintiff but intentionally kept Plaintiff's scaffolds and scaffolding material. The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights.[8] Any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion.[9]

ZGC contends Plaintiff consented to the scaffolds being on ZGC's property because Plaintiff erected the scaffolds at the Convent Facility. On February 22, 2019, Plaintiff sent a letter demanding ZGC return the scaffolds to Plaintiff. ZGC dismantled the scaffolds in the basement of the truck quads and returned the material to Plaintiff on or about February 27, 2019. ZGC informed Plaintiff that the larger scaffold set under ZGC's dock could not be removed at that time because of the river's height, but that ZGC would remove it soon as it was safe. ZGC dismantled the scaffold on September 20, 2019 when the river level decreased, and Plaintiff picked it up five days later. The undisputed facts show that Plaintiff consented to the scaffolds being on ZGC's property until February 27, 2019, at which time ZGC agreed to return the scaffolds to Plaintiff. ZGC, therefore, did not wrongfully do any act of dominion over Plaintiff's property inconsistent with

---

[8] *See Dual Drilling Co. v. Mills Equip. Inv., Inc.*, 98-343 (La. 1998), 721 So. 2d 853, 857; *see also Security Home Mortgage Corp. v. Bogues*, 519 So. 2d 307 (La. App. 2d Cir. 1988).
[9] *See Quealy v. Paine, Webber Jackson & Curtis, Inc.*, 475 So. 2d 756 (La. 1985); *see also Hampton v. Hibernia Nat. Bank,* 598 So. 2d 502, 504 (La. App. 2d Cir. 1992).

Plaintiff's rights. Therefore, the Court finds that the undisputed material facts show ZGC is not liable for conversion.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[10] filed by Zen-Noh Grain Corporation is **GRANTED.**

**New Orleans, Louisiana**, on this 16th day of April, 2020.

                                                      **GREG GERARD GUIDRY**
                                          **UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 6.